UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Application of the Reporters Committee for Freedom of the Press to Unseal Certain Search Warrant Materials | Case No.:<br><br>**APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL CERTAIN SEARCH WARRANT MATERIALS** |

1.      The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Petitioner") respectfully petitions this Court for an Order directing the Clerk of the Court to unseal: (1) Stored Communications Act ("SCA") warrant applications, supporting materials, and any related court orders pertaining to now-inactive investigations, *see* 18 U.S.C. §§ 2701–13, from January 1, 2018 to the date of the Court's Order ("SCA search warrant materials"); and (2) all docket sheets reflecting SCA search warrant applications filed from January 1, 2018 to the date of the Court's Order.

2.      Petitioner further respectfully requests that the Court enter an Order requiring, prospectively, that SCA search warrant materials be unsealed on a motion of United States Attorney's Office when the corresponding investigation becomes inactive, and that any SCA search warrant materials still under seal 180 days after filing be unsealed by the Court absent a showing by the United States Attorney's Office that continued sealing of those materials is necessary to serve a compelling interest and

narrowly tailored to that interest. Petitioner further respectfully requests an Order that all docket sheets reflecting SCA search warrant materials be publicly available.

3. Upon information and belief, the materials subject to this Application are filed under various different case numbers, and Petitioner does not know and cannot ascertain based on publicly available information the case numbers of the matters that fall within the scope of this Application.

## INTEREST OF THE APPLICANT

3. The Reporters Committee is an unincorporated nonprofit association. It was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect the First Amendment rights and newsgathering interests of journalists.

4. The Reporters Committee, like all members of the public and the press, has a strong interest in observing and understanding the consideration and disposition of matters by United States District Courts. That interest is heightened in cases in which the federal government is a party.

5. The press and the public have a particular interest in obtaining access to court documents concerning federal government requests for judicial authorization to collect electronic communications records under the SCA. Where the government obtains a search warrant allowing it to obtain such information—which can include, *inter alia*, the contents of e-mail and other electronic communications—judicial oversight and, in

turn, press and public oversight of the judicial process, is necessary to guard against government overreach, promote the appearance of fairness in the courts, and educate and engage the public in judicial processes.

## BACKGROUND FACTS

6. As explained in the accompanying Memorandum of Points and Authorities, the press and the public have both common law and First Amendment rights of access to judicial proceedings and related documents. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cty.*, 478 U.S. 1, 8–10 (explaining First Amendment right of access); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining common law right of access). Those rights apply to the SCA search warrant materials and dockets at issue here. *In re Leopold to Unseal Certain Elec. Surveillance Appls. & Orders*, 964 F.3d 1121, 1128–31 (D.C. Cir. 2020); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (plurality opinion).

7. The SCA governs voluntary and compelled disclosure of stored wire and electronic communications and transactional records held by third-party electronic communication service or remote computing service providers. Sections 2703(a), (b), and (c) of the SCA provide a "governmental entity" with mechanisms to compel third-party providers to disclose contents of subscribers' communications, as well as records of subscribers' communications and other information. The SCA requires the government to obtain a warrant using the procedures described in Federal Rule of Criminal Procedure 41 to obtain the contents of certain types of wire and electronic communications, including,

for example, the contents of e-mail communications, and it permits use of a warrant to obtain certain other subscriber records and information.

8. SCA search warrant materials are routinely maintained under seal, even when the related investigation is no longer active, and are generally not reflected on publicly available court docket sheets. Even the number of such applications made to the U.S. District Court for the District of Minnesota in 2018 and 2019 is unavailable to the public. Moreover, the press and public are unable to ascertain from publicly available sources of information how many applications for SCA search warrants were filed in the District of Minnesota in the relevant time period, the case numbers for the cases in which those warrants were filed, what kinds of records the government sought by those warrants, what information was presented to support the government's warrant applications, and how many applications for SCA search warrants have been granted and denied in this district.

9. Because the public's constitutional and common law rights of access apply to court dockets and SCA search warrant materials filed with this Court, to the extent that sealing or otherwise shielding such records from public view is necessary for some period of time to protect a compelling interest, such sealing must be no broader than necessary to serve that interest and must be supported by specific, on-the-record findings.

## **REQUEST FOR RELIEF**

The Reporters Committee respectfully requests:

(1) an Order directing the Clerk of the Court to unseal all SCA warrant materials pertaining to any SCA search warrant application filed by a government entity

from January 1, 2018, to the date of the Court's Order, inclusive, in the District of Minnesota, where the corresponding investigation is now inactive;

(2) an Order directing the Clerk of the Court to unseal all dockets reflecting materials pertaining to any SCA search warrant application filed by a government entity from January 1, 2018, to the date of the Court's Order, inclusive, in the District of Minnesota, whether or not any corresponding investigation is still active;

(3) an Order directing, prospectively, the United States Attorney's Office to move to unseal all SCA search warrant materials filed in the District of Minnesota concerning any SCA search warrant application filed by a government entity, once the related criminal investigation has become inactive;

(4) an Order directing the Clerk of the Court to unseal any SCA search warrant materials still under seal 180 days after their filing, unless the United States Attorney's Office has made a showing that continued sealing is necessary to serve a compelling interest and narrowly tailored to that interest, and the Court orders the materials be maintained under seal for an additional period of time, not to exceed 180 days;

(5) an Order directing the Clerk of Court to, prospectively, publicly docket all government applications for SCA search warrants; and

(6) any further relief that the Court deems just and proper.

|  |  |
|---|---|
| Dated: December 8, 2020 | **BALLARD SPAHR LLP** |
|  | By:  *s/ Leita Walker*  |
|  | Leita Walker (387095) |
|  | 2000 IDS Center 80 South 8th Street |
|  | Minneapolis, MN 55402-2119 |
|  | Tel: (612) 371-3211 |
|  | Fax: (612) 371-3207 |
|  | walkerl@ballardspahr.com |
|  |  |
|  | Catherine Crump (*pro hac vice pending*) |
|  | Megan Graham (*pro hac vice pending*) |
|  | Juliana DeVries (*pro hac vice pending*) |
|  | Samuelson Law, Technology and |
|  |    Public Policy Clinic |
|  | UC Berkeley School of Law |
|  | 433 Law Building (North Addition) |
|  | Berkeley, CA 94720-7200 |
|  | Tel: (510) 292-6860 |
|  | ccrump@clinical.law.berkeley.edu |
|  |  |
|  | *Attorneys for Petitioner* |