## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Application of the Reporters Committee for Freedom of the Press to Unseal Certain Search Warrant Materials | No. 20-mc-00082 (PJS/TNL) <br><br> **AMENDED APPLICATION TO UNSEAL CERTAIN SURVEILLANCE ORDERS AND RELATED MATERIALS** |

1.      The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Petitioner") respectfully petitions this Court for an Order directing the Clerk of the Court to apply the same unsealing practices to applications, supporting materials, and any related order sought pursuant to either the Pen Register Act ("PRA"), 18 U.S.C. § 3123, or 18 U.S.C. § 2703(d) that it currently applies to warrants sought pursuant to Federal Rule of Criminal Procedure 41 ("Rule 41"), warrants sought under the Stored Communications Act ("SCA"), *see* 18 U.S.C. § 2703(a)–(c), and warrants and orders for mobile tracking device warrants or orders as described in 18 U.S.C. § 3117. More specifically, the Reporters Committee requests that such materials be unsealed 180 days after filing absent a showing by the United States Attorney's Office that continued sealing of those materials is necessary to serve a compelling interest and narrowly tailored to that interest.

2.      The Reporters Committee further respectfully requests that the Court enter an Order requiring, prospectively, that applications for court orders or warrants under any

of the following authorities be docketed when they are presented to a judge for review, regardless of whether they are granted, returned for amendments, or denied: Rule 41; 18 U.S.C. § 2703(a)–(b) (i.e., SCA search warrants); 18 U.S.C. § 3117 (i.e., mobile tracking device warrants and orders); 18 U.S.C. § 3123 (i.e., pen register and trap and trace device ("pen/trap") orders); and 18 U.S.C. § 2703(d) (i.e., "2703(d) orders").

3.      Upon information and belief, the materials subject to this Amended Application are filed under various "MJ" case numbers, and the Reporters Committee does not know and cannot ascertain based on publicly available information the case numbers of the matters that fall within the scope of this Amended Application.

## INTEREST OF THE PETITIONER

4.      The Reporters Committee is an unincorporated nonprofit association. It was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect the First Amendment rights and newsgathering interests of journalists.

5.      The Reporters Committee, like all members of the public and the press, has a strong interest in observing and understanding the consideration and disposition of matters by United States District Courts. That interest is heightened in cases in which the federal government is a party.

6.      The press and the public have a particular interest in obtaining access to court documents concerning federal government requests for judicial authorization to collect

electronic communications records under the PRA and the SCA. Where the government obtains court orders allowing it to obtain such information, judicial oversight and, in turn, press and public oversight of the judicial process, is necessary to guard against government overreach, promote the appearance of fairness in the courts, and educate and engage the public in judicial processes.

## BACKGROUND FACTS

7. As explained in the accompanying Memorandum in Support of Amended Application, the press and the public have both common law and First Amendment rights of access to judicial proceedings and related documents. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cty.*, 478 U.S. 1, 8–10 (1986) (explaining First Amendment right of access); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining common law right of access). Those rights apply to the various search warrant and surveillance order materials and dockets at issue here. *See In re Leopold to Unseal Certain Elec. Surveillance Appls. & Orders*, 964 F.3d 1121, 1128–31 (D.C. Cir. 2020); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (plurality opinion).

8. Pen/trap and 2703(d) orders, and their accompanying applications and supporting materials, are routinely maintained under indefinite seal, even when the related investigation is no longer active.

9. Additionally, on information and belief, Rule 41 warrants, SCA search warrants, mobile tracking device warrants and orders as described in 18 U.S.C. § 3117, pen/trap orders, and 2703(d) orders are generally only docketed if they are granted. That

is, applications that are denied or that magistrate judges require be amended are generally not docketed and thus are never made available to the public.

10.     Because the public's First Amendment and common law rights of access apply to pen/trap and 2703(d) orders, applications, and supporting materials submitted to the Court, to the extent that sealing or otherwise shielding such records from public view is necessary for some period of time to protect a compelling interest, such sealing must be no broader than necessary to serve that interest and must be supported by specific, on-the-record findings.

11.     Further, because the First Amendment and common law rights of access extend to applications for Rule 41 warrants, SCA search warrants, mobile tracking device warrants and orders as described in 18 U.S.C. § 3117, pen/trap orders, and 2703(d) orders that are denied or must be amended, such filings must be docketed.

## REQUEST FOR RELIEF

The Reporters Committee respectfully requests:

(1)     an Order directing the Clerk of the Court to unseal all pen/trap and 2703(d) applications, supporting materials, and orders 180 days after filing absent a showing by the United States Attorney's Office that continued sealing of those materials is necessary to serve a compelling interest and narrowly tailored to that interest.

(2)     an Order directing the Clerk of Court to docket all applications (regardless whether they are granted, ordered amended, or denied) presented to magistrate

and district court judges in the District and sought under the following authorities:

(a)   Rule 41 of the Federal Rules of Criminal Procedure;

(b)   18 U.S.C. § 2703(a)–(b) (i.e., SCA search warrants);

(c)   18 U.S.C. § 3117 (i.e., mobile tracking device warrants and orders);

(d)   18 U.S.C. § 3123 (i.e., pen register and trap and trace device orders); and

(e)   18 U.S.C. § 2703(d); and

(3)   any further relief that the Court deems just and proper.

Dated: January 28, 2022            By:   */s/ Catherine Crump*
                                          Catherine Crump (*pro hac vice*)
                                          Megan Graham (*pro hac vice*)
                                          Samuelson Law, Technology and
                                             Public Policy Clinic
                                          UC Berkeley, School of Law
                                          433 Law Building (North Addition)
                                          Berkeley, CA 94720-7200
                                          Tel: (510) 292-6860
                                          ccrump@clinical.law.berkeley.edu

                                          */s/ Leita Walker*
                                          Leita Walker (387095)
                                          Ballard Spahr LLP
                                          2000 IDS Center 80 South 8th Street
                                          Minneapolis, MN 55402-2119
                                          Tel: (612) 371-3211
                                          Fax: (612) 371-3207
                                          walkerl@ballardspahr.com

                                          *Attorneys for Petitioner*