

Megan Graham
UC Berkeley School of Law
353 Law Building
Berkeley, CA 94720-7200
(510) 664-4381
mgraham@clinical.law.berkeley.edu
www.law.berkeley.edu/SamuelsonClinic

October 31, 2022

*Via ECF*

The Honorable Patrick J. Schiltz
United States District Court
300 South Fourth Street
Courtroom 14E
Minneapolis, MN 55415

      Re:  *In re Application of the Reporters Committee for Freedom of the Press to Unseal Certain Search Warrant Materials*, Case No. 20-mc-82-PJS-TNL

Dear Chief Judge Schiltz:

Pursuant to Local Rule 7.1(j), the Reporters Committee for Freedom of the Press seeks leave to file a motion for reconsideration of the Court's October 11, 2022 Order ("Order"), ECF No. 54. The Reporters Committee recognizes that motions for reconsideration under Federal Rule of Civil Procedure 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (citations omitted). Respectfully, the Order reflects a manifest error of law. The Order's holding that the Reporters Committee lacks standing to seek access to the sealed judicial records at issue is incorrect as a matter of law and, if not reconsidered, will damage the ability of news organizations and others to assert the public's presumptive rights of access under the First Amendment and common law.

According to the Order, the Reporters Committee alleged a "generalized, abstract interest" in access to the records at issue, which it concludes is not a concrete and particularized "injury in fact" for Article III-standing purposes. But, to establish standing to sue for access to judicial records, a claimant need only allege that it cannot obtain records to which the public has a colorable right of access. *See, e.g.*, *Pub. Citizen v. DOJ*, 491 U.S. 440, 449 (1989) (holding Article III's injury-in-fact requirement was satisfied when claimants were unable to access information to which they claimed a statutory right of access); *Doe v. Pub. Citizen*, 749 F.3d 246, 262–63 (4th Cir. 2014) (explaining that "failure to obtain information—information, which in [petitioners'] view, they had a right to access under the common law or the Constitution" establishes injury sufficient to confer standing). Claimants need not allege an intent to do anything with the records sought; that the claimants cannot access the records (or will be unable to access the records in the future) is enough to confer standing. *See, e.g.*, *Pub. Citizen*, 491 U.S. at 449 (likening standing to sue for release of ABA Committee records to standing to sue under the Freedom of Information Act ("FOIA") and stating "[o]ur decisions interpreting [FOIA] have never suggested that those requesting information under it need show more than that they sought

and were denied specific agency records"); Apr. 21, 2022 Hrg. Tr. 25:23–26:2, ECF No. 52 (comparing instant case to FOIA claim). Critically, *any member of the public* may seek to vindicate their right of access to sealed or withheld records even though that right—and the informational injury caused by denial of that right—is shared by others. *See, e.g.*, *Doe*, 749 F.3d at 263 ("The Supreme Court consistently has held that a plaintiff suffers an Article III injury when he is denied information that must be disclosed pursuant to a statute, notwithstanding the fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure.") (cleaned up); *Pub. Citizen*, 491 U.S. at 449–50 (1989); *FEC v. Akins*, 524 U.S. 11, 23 (1998).

Given the applicable legal standards, the Reporters Committee easily satisfies Article III's requirements. The Amended Application seeks access to sealed judicial records that are indisputably unavailable to the Reporters Committee, and to which it has a colorable right of access under the First Amendment and common law. If that were not enough to establish standing, Article III would regularly bar members of the press and public (including the Reporters Committee) from seeking access to all manner of government records—the contents, nature, and potential uses of which are often unknown until they are released.

The Reporters Committee's inability to access the sealed judicial records at issue is sufficient to establish Article III standing, but even if it were not, the Court erred in treating the Amended Application as a motion for summary judgment without giving the Reporters Committee notice and an opportunity to proffer evidence both of its intent to review the records in question and its use of such records in connection with its work. *See McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 788 (8th Cir. 2007) (finding error where a motion was treated as a motion for summary judgment when the parties did not anticipate it would be). As numerous judicially noticeable sources make clear, the Reporters Committee is a national leader in advocating for limitations on the use of investigative authorities to obtain journalists' work-product. *See, e.g.*, Devlin Barrett, *Justice Dept. Issues Rules for Leak Investigations*, Wash. Post (Oct. 26, 2022), https://perma.cc/F7XD-B298; Bruce D. Brown & Gabe Rottman, *Opinion: A Major Milestone in the Fight for Press Freedom*, CNN (Oct. 28, 2022), https://perma.cc/M68H-SYCG; Letter of Bruce D. Brown & Gabe Rottman to Hon. Charles Grassley, *Re: Support for S. 4373, the NDO Fairness Act* (July 19, 2022), https://perma.cc/NNU8-DWDX; Br. of *Amici Curiae* the Reporters Committee for Freedom of the Press and 23 Media Organizations in Support of Microsoft Corp., *Microsoft Corp. v. United States*, 2021 WL 269709 (Jan. 27, 2021). Access to the materials sought in the Amended Application is vital to these efforts: analyzing such materials enables the Reporters Committee to understand the circumstances in which the government applies for such warrants and orders, the scope and type of information the government seeks through these applications, and courts' willingness to grant the government's requests.

Based on the foregoing, the Reporters Committee respectfully requests permission to file a motion for reconsideration of the Order.

3

        Respectfully submitted,

        *s/ Megan Graham*
        Megan Graham (*pro hac vice*)
        Samuelson Law, Technology &
          Public Policy Clinic
        353 Law Building
        UC Berkeley School of Law
        Berkeley, CA 94720-7200
        Tel: (510) 664-4381
        mgraham@clinical.law.berkeley.edu

        Leita Walker (387095)
        Ballard Spahr LLP
        2000 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402-2119
        Tel: (612) 371-3211
        Fax: (612) 371-3207
        walkerl@ballardspahr.com

        *Counsel for Petitioner*