UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE AMENDED APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL CERTAIN SURVEILLANCE ORDERS AND RELATED MATERIALS | Case No. 20-MC-0082 (PJS/TNL)<br><br>ORDER |

Megan Graham, SAMUELSON LAW, TECHNOLOGY, & PUBLIC POLICY CLINIC, UC BERKELEY SCHOOL OF LAW; Mary Andreleita Walker, BALLARD SPAHR LLP, for petitioner The Reporters Committee for Freedom of the Press.

The Reporters Committee for Freedom of the Press ("the Committee") originally brought this action to challenge the practices of this District with regard to sealing and docketing warrant applications, supporting materials, and related court orders under the Stored Communications Act. The Committee later amended its application to challenge this District's practices concerning sealing of materials under the Pen Register Act and 18 U.S.C. § 2703(d) of the Stored Communications Act, as well as this District's practice of docketing warrant and other surveillance applications only when the applications are granted. The Court recently denied the amended application, concluding that the Committee lacked standing. ECF No. 54.

This matter is before the Court on the Committee's letter request, pursuant to Local Rule 7.1(j), for permission to file a motion to reconsider. Under Rule 7.1(j), "[a] party must show compelling circumstances to obtain such permission." The Committee

has failed to show such circumstances. Instead, it presents the same arguments that the Court has already rejected, and the Court has already explained why the cases on which the Committee relied are distinguishable.

To be clear: The Court did *not* hold that the Committee must show that it intends to do anything with the records that it asks to unseal. Nor did the Court fault the Committee for seeking to vindicate rights that it shares with every member of the public. Instead, the Court held that, so far as the allegations in the Committee's original and amended applications show, it was not actually seeking access to any records. Instead, it was simply seeking, on behalf of the general public, to change this District's sealing and docketing practices to conform to what the law (allegedly) requires. In other words, unlike (for example) the appellants in *Public Citizen v. DOJ*, 491 U.S. 440 (1989), who "sought and were denied specific agency records," *id.* at 449, the Committee did not allege that it sought, or was seeking, any records.

The Committee also faults the Court for treating its amended application as a motion for summary judgment without giving it notice and an opportunity to present evidence. This argument is puzzling, as it was the Committee itself who was seeking judgment in its favor. Setting that aside, this argument is misplaced, as the Court did not treat the Committee's amended application as a motion for summary judgment. Instead, the Court explained that, if the Committee's application should be considered

as such, the Committee had failed to meet the standard for judgment in its favor. The Court then went on to explain that, even if the standing issue should be analyzed based solely on the allegations in the amended application, the Committee had failed to establish standing.[1] The Committee has therefore failed to show compelling circumstances, and its request to file a motion for reconsideration is denied.

The Committee also cites Fed. R. Civ. P. 59(e), which permits a party to file a motion to alter or amend the judgment. To the extent the Committee seeks relief under that rule, its motion is also denied. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (citations and quotation marks omitted). For the foregoing reasons, the Court did not make a manifest error of law or fact and the Committee is therefore not entitled to relief under Rule 59(e).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner's letter request to file a motion to reconsider [ECF No. 56] is DENIED.

---

[1] The Committee cannot complain that it did not get notice of the standing issue, as the government raised that issue in its brief.

Dated: November 1, 2022        s/Patrick J. Schiltz
                                                      Patrick J. Schiltz, Chief Judge
                                                     United States District Court